IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,444




EX PARTE JOSEPH ANTHONY CRAWFORD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 994680 IN THE 185th DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
and sentenced to eighteen years’ imprisonment.


 The Fourteenth Court of Appeals affirmed his
conviction. Crawford v. State, No. 14-06-00818-CR (Tex. App.–Houston [14th Dist.], delivered
September 13, 2007, pet. ref’d). 
            Applicant contends that his trial counsel rendered ineffective assistance because she failed
to lodge a timely objection in order to preserve Applicant’s right to have a jury assess punishment
after remand from the intermediate appellate court.
             The trial court, based upon the record and an affidavit filed by counsel, has determined that
the Applicant was denied his right to have a jury assess punishment after remand due to counsel’s
failure to timely object. We find, therefore, that the Applicant is entitled to a new punishment
hearing in the judgment of conviction in Case No. 994680 from the 185th Judicial District Court of
Harris County, and Applicant is remanded to the custody of the sheriff of Harris County so that a
new punishment hearing may be held.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
 
Delivered: November 10, 2010
Do Not Publish